IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
AIKEN DIVISION

| | | |
|---|---|---|
| Jamie Lee Crider *a/k/a Jay Crider*, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Civil Action No. 1:22-cv-2546-TMC |
| | ) | |
| Southern Health Partners, *Medical Staff of Pickens County Detention Center*, | ) ) ) | **ORDER** |
| | ) | |
| Defendant. | ) | |
| | ) | |

Plaintiff Jamie Lee Crider ("Plaintiff"), a state prisoner proceeding *pro se* and *in forma pauperis*, filed this action pursuant to 42 U.S.C. § 1983. (ECF Nos. 1; 2; 7). In accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02(B)(2)(d), (e) (D.S.C.), this matter was referred to a magistrate judge for all pretrial proceedings. On September 20, 2022, the Clerk of Court mailed Plaintiff a copy of the magistrate judge's proper form order advising Plaintiff of the deficiencies in his complaint and affording him an opportunity to file an amended complaint curing these deficiencies. (ECF No. 16); *see also* (ECF Nos. 9; 13; 15). Plaintiff, having received the order, moved for an extension of time, (ECF No. 17), which the magistrate judge granted (ECF No. 18). Nonetheless, Plaintiff never filed an amended complaint.

Now before the court is the magistrate judge's Report and Recommendation ("Report"), recommending that the court dismiss this action pursuant to 28 U.S.C. § 1915(e)(2)(B) for failure to state a claim upon which relief may be granted. (ECF No. 21). Specifically, the magistrate judge determined that Plaintiff failed to identify a "person" subject to suit under § 1983. *Id*. at 4. On December 2, 2022, the Report was mailed to Plaintiff at the address he had provided the court along with a notice of Plaintiff's right to file objections. (ECF Nos. 21 at 6; 22). The Report has

1

not been returned to the court as undeliverable. Therefore, Plaintiff is presumed to have received the Report. The time for Plaintiff to object to the Report has now expired, and this matter is ripe for review.

The magistrate judge's recommendation has no presumptive weight, and the responsibility for making a final determination remains with the United States District Court. *Wimmer v. Cook*, 774 F.2d 68, 72 (4th Cir. 1985) (quoting *Mathews v. Weber*, 423 U.S. 261, 270–71 (1976)). Nevertheless, "[t]he district court is only required to review *de novo* those portions of the report to which specific objections have been made, and need not conduct *de novo* review 'when a party makes general and conclusory objections that do not direct the court to a specific error in the magistrate judge's proposed findings and recommendations.'" *Farmer v. McBride*, 177 Fed. App'x 327, 330–31 (4th Cir. April 26, 2006) (quoting *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982)). The court may accept, reject, or modify, in whole or in part, the recommendation made by the magistrate judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1). However, in the absence of specific objections to the Report, this Court is not required to give any explanation for adopting the recommendation. *Greenspan v. Brothers Prop. Corp.*, 103 F. Supp. 3d 734, 737 (D.S.C. 2015) (citing *Camby v. Davis*, 718 F.2d 198, 199–200 (4th Cir. 1983)).

Thus, having reviewed the Report and the record and, finding no clear error, the court agrees with, and wholly **ADOPTS**, the magistrate judge's findings and recommendations in the Report (ECF No. 21), which is incorporated herein by reference. Accordingly, the court **DISMISSES** this action summarily.

**IT IS SO ORDERED.**

                                                     s/Timothy M. Cain
                                                     United States District Judge

Anderson, South Carolina
February 10, 2023

3

## NOTICE OF RIGHT TO APPEAL

The parties are hereby notified of the right to appeal this order pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.